UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLEN KONOF,

    Plaintiff,

v.                                          CASE NO: 8:05-cv-784-T-23TGW

BAYCARE HEALTH SYSTEM, INC.,

    Defendant.
_____/

## **ORDER**

The plaintiff submits a "motion to compel emergency temporary mandatory injunctive order" (Doc. 3) and a "motion to compel emergency hearing and/or expedited trial" (Doc. 10), which are construed as a motions for a preliminary injunction pursuant to Local Rule 4.06 and Rule 65, Federal Rules of Civil Procedure.

The motions neither describe the exact conduct sought to be enjoined, provide an amount of security to be posted, nor include a proposed form of preliminary injunction. No memorandum providing law and facts in support of a preliminary injunction accompanies the motions. The motions fail to provide the elements required to evidence a facial entitlement to preliminary injunction, which elements are described by the applicable rules. See Local Rule 4.05(b)(4). Moreover, the defendant files a response that raises substantial questions about the accuracy of the plaintiff's

representations on the need for injunctive relief.[1]  Particularly in light of the defendant's response, compliance with the Local Rules is essential.  Accordingly, the plaintiff's "motion to compel emergency temporary mandatory injunctive order" (Doc. 3) and "motion to compel emergency hearing and/or expedited trial" (Doc. 10) are **DENIED**.[2]

The plaintiff's motion (Doc. 9) for special admission to practice is **DENIED** for failure to comply with Local Rule 2.02.

Further, the Middle District of Florida utilizes CM/ECF, a mandatory paperless electronic filing system.  Any attorney appearing in an action before this Court must utilize the CM/ECF docket system.  The plaintiff's counsel is not using the CM/ECF docket system.  Accordingly, the plaintiff's counsel is directed to register to participate in CM/ECF and to utilize the CM/ECF paperless filing system for future filings.[3]

ORDERED in Tampa, Florida, on May 23, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge

---

[1] To establish entitlement to a preliminary injunction, the plaintiff must show that "(1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue."  Cate v. Oldham, 707 F.2d 1176, 1185 (11th Cir. 1983).  The defendant's response presents a convincing rebuttal to the allegations in the plaintiff's motions and raises substantial questions about whether the plaintiff will succeed in establishing an entitlement to a preliminary injunction.  However, this order address the merits of neither the plaintiff's motions nor the defendant's response.

[2] The motion (Doc. 4) for oral argument is **DENIED**.

[3] Counsel may register for CM/ECF and request a CM/ECF password at www.flmd.uscourts.gov.